**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THE FILTA GROUP, INC.,**

    **Plaintiff,**

v.                                              Case No: 6:25-cv-00914-PGB-NWH

**LXU, LTD., KENNETH MELICK,**
**KITCHEN KARE**
**INNOVATIONS, LLC, and**
**SHANE FARRER,**

    **Defendants.**

_____/

## ORDER

This cause is before the Court on the following filings:

1. The Court's Order to Show Cause (Doc. 44 (the "**Order to Show Cause**")), and Defendants Shane Farrer; Kitchen Kare Innovations, LLC; LXU, Ltd.; and Kenneth Melick's (collectively, the "**Defendants**") response thereto (Doc. 48);

2. Defendants' Motion for Extension of Time to Answer or Otherwise Plead (Doc. 46), and Plaintiff The Filta Group, Inc.'s ("**Plaintiff**") response in opposition (Doc. 50); and

3. Defendants' Motion to Stay (Doc. 49), and Plaintiff's response in opposition (Doc. 51).

Upon consideration of the circumstances, Defendants' Motion for Extension of Time to Answer or Otherwise Plead (Doc. 46) is due to be denied without prejudice, and Defendants' Motion to Stay (Doc. 49) is due to be granted in part and denied in part.

I. **BACKGROUND**

Given the parties' litigious nature and their inability to comply with Court Orders, the Local Rules, and the Federal Rules of Civil Procedure, this case already has a long and tortured history—and it has been pending a mere three months. Alas, the Court will briefly address the relevant circumstances below.

Plaintiff initiated this lawsuit against Defendants on May 23, 2025. (Doc. 1). Weeks later, Plaintiff filed its first Time-Sensitive Motion for Preliminary Injunction. (Doc. 9 (the "**first Motion**")). The Court denied the first Motion for failure to comply with Local Rule 3.01's requirement that motions be "no longer than twenty-five pages inclusive of all parts." (Doc. 15).

After the Court's denial of the first Motion, Plaintiff filed a Renewed Time-Sensitive Motion for Preliminary Injunction—again, designating the requested relief as "time sensitive." (Doc. 21 (the "**second Motion**")).[1] Therein, Plaintiff asked that the Court issue a ruling on the second Motion "by July 3, 2025." (*Id.* at p. 2). However, the second Motion was filed on June 25, 2025. (*Id.*). Thus,

---

[1] Pursuant to Local Rule 3.01(e), a motion involving relief that a party designates as "time sensitive" must state the day "by which a ruling is requested." Local Rule 3.01(c) further provides that "[a] party may respond to a motion within fourteen days after service of the motion."

Plaintiff's requested date of ruling failed to account for the time afforded to the opposing party to respond to Plaintiff's request under Local Rule 3.01(c), much less the time required by the Court to resolve the issues presented. As such, again, the Court denied the second Motion without prejudice for reasons related to its designation as "time sensitive." (*See* Doc. 27).

Ultimately, on June 30, 2025, Plaintiff filed its third Motion for Preliminary Injunction. (Doc. 29 (the "**third Motion**")). However, to date, Defendants have not filed a response in opposition to Plaintiff's third Motion requesting injunctive relief, and the deadline to do so has long passed.

In any event, on July 2, 2025, Defendants filed their first Motion for Extension of Time to Respond to Plaintiff's Complaint. (Doc. 36).[2] The Court granted in part and denied in part Defendants' aforementioned request, ordering Defendants to "respond to Plaintiff's Complaint on or before *July 20, 2025*." (Doc. 39). Nevertheless, Defendants filed their first Motion to Dismiss Plaintiff's Complaint Or, in the Alternative, Motion to Transfer Venue on *July 22, 2025*—after the deadline expired. (Doc. 40 (the "**first Motion to Dismiss**")). Ultimately, however, the Court denied the first Motion to Dismiss without prejudice for various reasons, including for failure to comply with Local Rules 1.08

---

[2] Improperly embedded within Defendants' first Motion for Extension of Time to Respond to Plaintiff's Complaint was a request that the Court "hold Plaintiff's Motions for Preliminary Injunction and Request for Oral Argument in abeyance until the matters of service of process and personal jurisdiction are resolved." (Doc. 36, p. 5). However, Defendants did not provide any legal authority to support such a request. Ultimately, in the Court's Order granting in part and denying in part Defendants' first Motion for Extension of Time to Respond to Plaintiff's Complaint, the Court informed Defendants that, if they wished to raise such an issue before the Court, "they must fully brief it in a separate motion." (Doc. 39, p. 4).

3

and 3.01(g). (Doc. 41). The Court proceeded to remind the parties that "all filings before this Court shall not only comply with the Federal Rules of Civil Procedure but also this Court's Local Rules." (*Id.*).

On July 30, 2025, Defendants renewed their same request to either dismiss this case or transfer venue. (Doc. 42 (the "**second Motion to Dismiss**")). However, Defendants' second Motion to Dismiss also failed to comply with Local Rule 3.01(g). (*Id.*). As such, the Court denied the second Motion to Dismiss and stated as follows:

> *Again*, the aforementioned [second] Motion [to Dismiss] fails to comply with Local Rule 3.01(g). Absent certain exceptions not applicable here, Defendants must confer with Plaintiff in a good faith effort to resolve a motion prior to its filing and then, if applicable, include the requisite certification in the motion. *See* Local Rule 3.01(g). Moreover, given the extended deadline set forth in [the Court's Order granting in part and denying in part Defendants' first Motion for Extension of Time to Respond to Plaintiff's Complaint], Defendants [second] Motion [to Dismiss] is untimely. As the Court has already advised, Counsel shall not only comply with Court Orders but also familiarize itself with and abide by all applicable rules and law, including the Local Rules of the Middle District of Florida. Failure to do so may result in appropriate sanctions.

(Doc. 41 (emphasis added) (citations omitted)).

Thereafter, on August 1, 2025, given that Defendants had still not responded to Plaintiff's third Motion requesting injunctive relief, the Court issued an Order to Show Cause as to Defendants for their failure to do so. (Doc. 44). Defendants responded to the Court's Order to Show Cause (Doc. 48), which the Court will address herein.

4

In addition, on August 5, 2025, Defendants filed their second Motion for Extension of Time to Answer or Otherwise Plead (Doc. 46) and subsequently, filed their third Motion to Dismiss Plaintiff's Complaint Or, in the Alternative, Motion to Transfer Venue (Doc. 47). Considering the Court had yet to rule on Defendants' second Motion for Extension of Time to Answer or Otherwise Plead, the Court struck Defendants' premature third Motion to Dismiss Plaintiff's Complaint Or, in the Alternative, Motion to Transfer Venue. (Doc. 52). In any event, Plaintiff filed a response in opposition to Defendants' second Motion for Extension of Time to Answer or Otherwise Plead. (Doc. 50).

In the midst of all this docket chaos,[3] Defendants also filed a Motion to Stay Plaintiff's third Motion for Preliminary Injunction. (Doc. 49). Plaintiff responded in opposition. (Doc. 51). As such, a number of matters are now ripe for review.

## II.   DISCUSSION

### A.   Court's Order to Show Cause

First, the Court will address its Order to Show Cause, which was issued as to Defendants for their failure to timely respond to Plaintiff's third Motion for Preliminary Injunction. (Doc. 44). Defendants filed a response to the Court's Order to Show Cause. (Doc. 48).[4] Therein, Defendants merely state that "[d]espite

---

[3]   The Court takes this opportunity to highlight that it also struck Plaintiff's Unilateral Case Management Report as a result of Defendants' refusal to provide comments on the draft report. (Doc. 53).

[4]   Again, Defendants embed in their response to the Court's Order to Show Cause a request that the Court either refrain from ruling on Plaintiff's third Motion for Preliminary Injunction or grant Defendants an extension of time to respond it. (Doc. 48, p. 3). The Court will address such a request *infra*.

5

working diligently, Defendants regret that they were not able" to respond to Plaintiff's third Motion—or any of Plaintiff's motions requesting injunctive relief, for that matter. (*Id.* at p. 2). Moreover, Defendants purport that "[i]t was the[ir] intent" to file a response, but such a "filing was inadvertently delayed"—albeit, for reasons not stated to the Court. (*Id.*).

In sum, upon consideration of Defendants' response to the Court's Order to Show Cause, it appears Defendants simply did not respond to Plaintiff's third Motion with the hope that the Court would grant Defendants' cursory request to stay ruling on Plaintiff's request for injunctive relief. (*See id.*). Ultimately, Defendants' response to the Court's Order to Show Cause amounts to nothing, and thus, the Court has not been provided an adequate reason to discharge its Order to Show Cause.

### B.   Motion for Extension of Time to Answer or Otherwise Plead

Next, the Court will address Defendants' second Motion for Extension of Time to Answer or Otherwise Plead. (Doc. 46). Plaintiff filed a lengthy response in opposition. (Doc. 50). Ultimately, Defendants' second Motion for Extension of Time to Answer or Otherwise Plead will be denied without prejudice for the forthcoming reasons.

The Court takes issue with Defendants' second Motion for Extension of Time to Answer or Otherwise Plead for various reasons. (*See* Doc. 46). Therein, Defendants state as follows:

> 1. On July 2, 2025, Defendants filed their first [Motion for Extension of Time to Answer or Otherwise Plead], which

6

>    this Court granted on July 7, 2025, giving Defendants until July 20, 2025 to answer or otherwise plead.
>
> 2. Inadvertently, the extension placed the deadline on a Sunday, which made the actual deadline July 21, 2025 under [Federal Rule of Civil Procedure] 6(a)(1)(C).

(*Id.* at p. 1).

For one, as Defendants acknowledge, the Court issued an Order that required Defendants to respond to Plaintiff's Complaint "on or before July 20, 2025." (*See* Doc. 39). Such an Order, which set a date certain, was in no way "inadvertent." (*See id.*; Doc. 46, p. 1). Moreover, July 20, 2025 was the deadline that **Defendants specifically requested** in their first Motion for Extension of Time to Respond to Plaintiff's Complaint. (Doc. 36).

Of greater issue, Defendants are under the false impression that Rule 6 applies to the deadline in dispute. Yet, it simply does not. Rule 6 applies when "computing any time period specified . . . in any local rule or court order . . . that **does not specify a method of computing time**." FED. R. CIV. P. 6(a)(1)(C). Here, the Court provided an exact deadline—*a date certain*—and not a time period that needed to be computed accordingly.

In any event, given that the deadline to respond to Plaintiff's Complaint has expired, Defendants' second Motion for Extension of Time to Answer or Otherwise Plead must comply with Rule 6(b)(1)(B). FED. R. CIV. P. 6(b)(1)(B). Pursuant to Rule 6(b)(1)(B), "the court may, for good cause, extend the time . . . on motion made after time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Ultimately, as Plaintiff highlights in its response

7

opposing the respective relief, Defendants' second Motion for Extension of Time to Answer or Otherwise Plead neither references Rule 6(b)(1)(B) nor addresses the existence of "excusable neglect." (*See* Doc. 46). Thus, Defendants' second Motion for Extension of Time to Answer or Otherwise Plead is denied without prejudice.

### C. Motion to Stay

Finally, Defendants request that the Court "stay Plaintiff's [third] Motion for Preliminary Injunction pending a resolution of Defendants' Motion to Dismiss." (Doc. 49). Essentially, Defendants request that the Court first rule on its potentially forthcoming motion to dismiss and stay all deadlines related to Plaintiff's pending third Motion for Preliminary Injunction. (*See id.*).

Simply put, the Court does not ordinarily stay deadlines pending the Court's resolution of motions absent good cause shown—much less, stay deadlines related to requests for preliminary injunctive relief. *See, e.g.*, *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (finding that a court has broad discretion to stay proceedings or decline to do so incident to the court's inherent authority to manage its cases); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (holding district courts have broad discretion to determine whether to stay proceedings before them).

Defendants, without meaningful explanation, argue that a "preliminary peek" at their request to dismiss this case "warrants the stay" because their arguments are "meritorious." (Doc. 49). Moreover, Defendants opine that "[t]he requested stay would allow the Court to focus on resolving the case dispositive

8

jurisdiction issue without distraction," an issue in which Defendants "anticipate . . . will be resolved relatively soon." (*Id.*).[5] Nevertheless, Defendants have still yet to file a motion to dismiss that is properly before the Court.

Ultimately, Defendants do not provide good cause to support a stay of all deadlines pertaining to Plaintiff's third Motion for Preliminary Injunction. (*See* Doc. 49). Consequently, Defendants' request to stay the resolution of Plaintiff's third Motion for Preliminary Injunction until the Court's ruling on Defendants' potential Motion to Dismiss is denied. That being said, upon consideration of the circumstances and given that injunctive relief is an extraordinary remedy, the Court will provide Defendants until on or before **August 26, 2025** to file a response, if any, to Plaintiff's third Motion for Preliminary Injunction.

On a separate note, the Court finds it imperative to point out that the parties have been warned *numerous* times to comply with the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and the Court's Orders—none of which provide mere suggestions. Alas, the Court's patience is wearing thin. Failure to comply with all applicable rules and law in future filings will likely result in appropriate sanctions.

## III.   CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[5]   The Court notes that the expeditious resolution of *any* dispositive issue in this matter will be nothing short of a miracle if the Court continues to funnel its finite time and resources into counseling the parties on how to litigate properly before this Court.

1. Defendants' second Motion for Extension of Time to Answer or Otherwise Plead (Doc. 46) is **DENIED WITHOUT PREJUDICE**.

2. Defendants' Motion to Stay (Doc. 49) is **GRANTED IN PART AND DENIED IN PART**.

    a. On or before **August 26, 2025**, Defendants shall file their response, if any, to Plaintiff's third Motion for Preliminary Injunction. Failure to timely comply with this Order will result in the Court treating Plaintiff's third Motion for Preliminary Injunction as unopposed.

    b. The Motion to Stay is **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on August 19, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties